# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLORIA WINKLER HOLMES,

        Plaintiff,

v.                                                                                                                         Case No. 11-CV-211

FEDERAL DEPOSIT INSURANCE CORPORATION,
GAYLE WINKLER KOCH,
GARRY R. WINKLER, and
GREGORY R. WINKLER,

        Defendants.

## ORDER

On April 5, 2011, plaintiff Gloria Winkler Holmes ("Holmes") filed a Rule 7(h) Expedited Motion to Clarify (Docket #30). That motion requests that the court clarify whether it will rule first on defendant Federal Deposit Insurance Corporation's ("FDIC") March 1, 2011 Motion to Stay (Docket #8) or Holmes' March 18, 2011 Motion to Remand to State Court (Docket #23). The motion also requests that, should the court find it has subject matter jurisdiction, Holmes be granted leave to file a response brief to FDIC's Motion to Stay. The court will decide the motion to remand first, but will deny Holmes leave to respond to the motion to stay.

This case arises from a dispute over a series of trusts administered by First Banking Center, a bank for which FDIC has now been appointed as statutory receiver. More relevant to the instant motion, however, is a review of the procedural history thus far. On February 25, 2011, FDIC removed the case from Wisconsin

state court. Pending at the time of removal was a motion to dismiss the complaint by First Banking Center, now FDIC, and defendant Gayle Winkler Koch ("Koch"). That motion also sought dismissal of the cross-claims against FDIC and Koch by co-defendants Garry R. Winkler and Gregory Winkler. Shortly after removal, FDIC submitted a Motion to Stay (Docket #8) on March 1, 2011, seeking a stay until exhaustion of a mandatory administrative claims process set forth in the Financial Institutions Reform Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989). Holmes' response brief was due on March 25, 2011,[1] but, rather than file a response, she instead submitted a Motion to Remand to State Court on March 18, 2011. Holmes has not filed a response to FDIC's Motion to Stay at this point, nor did she request an extension prior to the deadline's passing. Upon a lack of response from Holmes to the Motion to Stay, FDIC submitted a letter (Docket #28) to this court on April 1, 2011, along with a proposed order, asking for entry of the stay, to include staying FDIC's obligation to respond to Holmes' Motion to Remand to State Court.[2] The same day, Holmes submitted a letter (Docket #29) opposing the entry because of the pending motion to remand. On April 5, 2011, Holmes then submitted the instant motion asking for clarification as to which motion the court will dispose of first, arguing specifically that the court should dispose of the motion to remand first. Holmes further requests that, should the court find that subject matter

---

[1] *See* Civ. L. R. 7; Fed. R. Civ. P. 6(d), 5(b)(2)(E).

[2] FDIC has since properly responded to the Motion to Remand.

jurisdiction exists (or presumably, should the court choose to dispose of the Motion to Stay first), she be granted leave to file a response to the Motion to Stay.

Courts have a great deal of discretion to decide the order in which they will dispose of multiple motions. *Hoptowit v. Spellman*, 753 F.2d 779, 782 (9th Cir. 1985); *see Crockett v. R.J. Reynolds Tobacco Co.*, No. Civ.A. G-04-505, 2004 WL 2495441, at *1 (S.D. Tex. Nov.3, 2004) ("federal law does not prescribe any particular order for consideration of motions"); *cf. Channel Bell Assocs. v. W.R. Grace & Co.*, No. 91 Civ. 5485, 1992 WL 232085, at *2 (S.D.N.Y. Aug. 31, 1992) (deciding order in which to consider motions based on conservation of judicial resources). Holmes cites to a variety of case law to argue that subject matter jurisdiction is a priority determination for a court. Regardless of whether the court might be *required* to consider the Motion to Remand first, it is clearly within the court's discretion to do so, and likewise makes the most sense here in terms of judicial efficiency. Thus, the court will decide the Motion to Remand first.

As to Holmes' briefing on the Motion to Stay, the court will deny leave to submit a response given that she has not shown excusable neglect. Per local rule, any materials in opposition to a motion must be filed within twenty-one days. Civil L. R. 7(b). A court may, for good cause, extend the time to comply with a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether excusable neglect exists, a court should consider "prejudice to the defendant, and the reason

for the delay." *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). The *Murphy* court cited to a Supreme Court case that laid out other factors to consider: length of delay and potential impact on the proceedings, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[3] "[T]he determination is at bottom an equitable one." *Id.* Such late filings may be permissible when "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *See id.* at 388.

Holmes cites no authority to support her request for leave to file. Instead, in her motion, Holmes states that she filed the Motion to Remand "effectively [as] a response" to the Motion to Stay. It is certainly reasonable to attempt to conserve clients' resources where appropriate, but the court notes that, without an order or other direction from the court, briefing obligations are not suspended simply because of a belief that one pending issue or another should be resolved first. Holmes never requested an extension or a stay prior to the passing of the deadline. In weighing the identified factors, the court finds that the danger of prejudice to FDIC is low, as is the potential length of delay. As the court will decide the Motion to Remand first, and that motion is not yet fully briefed, allowing Holmes to submit a responsive brief and then FDIC time to file a reply will extend the proceedings less than under other

---

[3]The Seventh Circuit has stated that *Pioneer* applies to any interpretation of "excusable neglect" under federal procedure. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

circumstances. As such, the danger of prejudice is reduced as the only seeming prejudice FDIC faces is having a counter argument placed in front of the court. The delay itself, particularly so near the beginning of the proceedings, is not greatly prejudicial. On the other hand, the reason for delay weighs against Holmes. As she admits, Holmes failed to file responsive briefing simply on the basis of conserving resources. This in fact shows a lack of any inadvertence or mistake (though it could arguably be careless). Holmes appears to have known exactly when the deadline was and in fact chose to file the motion to remand *rather than* a response. Under these circumstances, it is hard to conclude any neglect was excusable. As the Seventh Circuit has stated before, "[w]e live in a world of deadlines. . . . The practice of law is no exception. A good judge has a right to assume that deadlines will be honored." *Raymond*, 442 F.3d at 606 (citing *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996)). In light of that concern, and Holmes' apparently cognizant choice to file a motion rather than a response brief, the reason behind the delay outweighs both the prejudice and impact of delay factors. Finally, the good faith factor is inconclusive; there is little here to swing the factor one way or the other. Thus, the court finds a lack of excusable neglect, thereby making it most appropriate to deny Holmes leave to file a responsive brief.

Accordingly,

**IT IS ORDERED** that the plaintiff's Rule 7(h) Expedited Motion to Clarify (Docket #30) be and the same is hereby **GRANTED in part** and **DENIED in part**. The court will decide the motion to remand first, but the plaintiff's request to submit late briefing on the motion to stay is denied.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge