# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLORIA WINKLER HOLMES,

    Plaintiff,

v.                                                         Case No. 11-CV-211

FEDERAL DEPOSIT INSURANCE CORPORATION,
GAYLE WINKLER KOCH,
GARRY R. WINKLER,
and GREGORY R. WINKLER,

    Defendants.

## ORDER

On March 1, 2011, defendant Federal Deposit Insurance Corporation ("FDIC") filed a Motion to Stay (Docket #8). On March 18, 2011, plaintiff Gloria Winkler Holmes ("Holmes") filed a Motion to Remand (Docket #23). Defendants Gayle Winkler Koch, Garry R. Winkler, and Gregory R. Winkler filed a Motion to Remand (Docket #26) joining in the argument presented by Holmes. As this court noted in its previous clarifying order (Docket #34), the most efficient use of judicial resources calls for resolution of the motions to remand, as they deal with challenges to the court's subject matter jurisdiction. However, because the court finds that it has jurisdiction and will deny the motions, it also disposes of the motion to stay.

This case arises from a dispute over a series of three trusts established by the late Robert C. Winkler. Holmes is a beneficiary of each trust, while First Banking

Center ("FBC") and Gayle Winkler Koch ("Koch") are co-trustees.[1] Holmes originally brought this action in Wisconsin state court, alleging conflict of interest, breach of fiduciary duties, failure to diversify investments, intentional misrepresentation, strict liability misrepresentation, and also seeks punitive damages and an accounting. Holmes also seeks attorneys' fees. Defendants Garry R. Winkler and Gregory R. Winkler, also beneficiaries, filed substantially similar cross-claims against FBC. While pending, the State of Wisconsin Department of Financial Institutions closed FBC and FDIC was statutorily appointed as receiver. FDIC was then substituted for FBC as defendant. After substitution, FDIC removed the case to this court on February 25, 2011. The court discusses each motion in turn.

## I. MOTION TO REMAND

Because the exception to federal court jurisdiction over cases involving FDIC is not applicable here, the court has subject matter jurisdiction and will, therefore, deny Holmes' and the non-FDIC defendants' motions to remand. An action is removable to federal district court where that court would otherwise have original jurisdiction. 28 U.S.C. § 1441(a). Federal district court subject matter jurisdiction generally depends on the existence of either a federal question, or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction requires the action arise "under the Constitution, laws, or treaties of the United States." 28

---

[1] One of these trusts was a revocable living trust that, upon Robert C. Winkler's death, was to be divided into two "Family Trusts", each to be divided into shares. FBC and Koch were named co-trustees of the Family Trusts, and Holmes is an ultimate beneficiary. For simplicity here, the court will simply treat the revocable trust and resulting Family Trusts as one trust.

-2-

U.S.C. § 1331. Under the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"), Congress has specifically created federal question jurisdiction over civil suits involving FDIC by declaring that such suits "be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). The only exception to this jurisdiction, often referred to as the "state-law exception," is triggered for any action,

> (i) to which the [FDIC], in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff; (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and (iii) *in which only the interpretation of the law of such State is necessary.*

12 U.S.C. § 1819(b)(2)(D) (emphasis added). Though it appears no courts in this circuit have directly touched the issue, other circuits recognize that, even where a complaint invokes only state law on its face, the availability of a colorable federal-law defense places the case outside the state-law exception. *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1149 (5th Cir. 1992); *Capizzi v. Fed. Deposit Ins. Corp.*, 937 F.2d 8, 10 (1st Cir. 1991); *Reding v. Fed. Deposit Ins. Corp.*, 942 F.2d 1254, 1258 (8th Cir. 1991). Drawing on *Capizzi*, the *Diaz* court noted that jurisdiction under FIRREA is broader than under the well-pleaded complaint rule as applied in analyzing jurisdiction under 28 U.S.C. § 1331. 975 F.2d at 1149. While a state law claim "arises under" only state law for purposes of § 1331, regardless of any federal defense, FIRREA's state-law exception to federal jurisdiction requires that "only" interpretation of state law be necessary. *Id.* There, the use of "only" is broader,

looking also to defenses. *Id.* The *Diaz* court also noted that the statutory history of the state-law exception, as well as the objectives of FIRREA supported such a reading. *Id.*

The court agrees with the logic expressed by other circuits concluding that an available, colorable federal-law defense places the case outside the state-law exception to jurisdiction. First, the text of the statute itself is rather plain, triggering the exception where *only* the interpretation of state law is necessary. When a federal-law defense is raised, that invocation necessarily requires a court to then interpret federal law. As discussed above, the grant of jurisdiction to federal courts is broader here than "arising under" jurisdiction. Should Congress have intended the state-law exception to function similarly to the well-pleaded complaint rule, it could have used similar "arising under" language, rather than the far more expansive "only the interpretation" of state law.

Holmes, in her reply brief, agrees that raising a colorable federal issue places a case outside the state-law exception. However, she presents a somewhat novel, though ultimately unpersuasive argument that the standard at issue does not contemplate the exercise of federal jurisdiction where FDIC raises jurisdictional defenses. While initially intriguing, the argument relies on a bit of smoke and mirrors which ultimately cannot conceal the broad language of the statute's jurisdictional grant. Holmes first correctly points out that FDIC's suggested federal defense must be a "disputable issue of federal law," that is, it must "present[] a colorable issue for decision and [not be] meritless." *Reding*, 942 F.2d at 1258. The Supreme Court has

stated that an issue is not colorable where it is "immaterial and made solely for purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006). On the basis of these definitions, Holmes argues that a federal defense which argues a *lack* of jurisdiction is not a colorable issue when used to support the *exercise* of jurisdiction under FIRREA. In so arguing, Holmes concedes the validity of each of FDIC's five offered defenses, but stresses that because each defense acts as a bar to jurisdiction, they are, as a basis for *exercising* jurisdiction, "immaterial and made solely for purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous."

While facially appealing because of a seeming contradiction in arguing for subject matter jurisdiction by use of defenses that in turn argue a lack of subject matter jurisdiction, there is a major flaw with the argument.[2] Holmes' underlying premise appears to be that jurisdiction itself is not colorable when the argument for exercising such relies on showing a lack of jurisdiction. But the state-law exception is concerned with whether the federal *defense* is colorable, not jurisdiction, regardless of the defense's ultimate import. With that underlying argument disposed of, proper application of the state-law exception becomes clear. FIRREA's state-law exception looks only to whether the interpretation of federal law, in any fashion, is necessary. Thus, the text of the statute itself makes no distinction as to whether the "law" requiring interpretation is a jurisdictional defense or some other issue of federal

---

[2]The court finds these flaws sufficient to foreclose Holmes' argument without performing an analysis of whether the defenses FDIC offers are truly jurisdictional in the sense offered by Holmes.

-5-

law. This remains true after review of the interpretive case law. The cases refer only to defenses and issues. They make no distinction regarding whether the asserted defense is jurisdictional or non-jurisdictional. Moreover, Holmes' concession as to the validity of the defenses here serves only as a smoke screen. Were Holmes to dispute the applicability of these defenses, then certainly interpretation of federal law would be necessary. Conceding their validity does not transmute the defenses into immaterial, frivolous, or otherwise non-colorable issues.

Second, another underlying implication in Holmes' argument is that exercise of federal jurisdiction on the basis of jurisdictional defenses would be improper because a federal court should not have jurisdiction simply to declare a lack of jurisdiction. But this hidden argument misses the fact that the jurisdictional defenses at issue here are a bar to *any* court providing a remedy on the claims to which each defense apply. These defenses are not simply bars to *federal* jurisdiction, but to state-court jurisdiction as well.[3] Thus, the defenses would have the same effect regardless of which court might adjudicate the case, thereby weakening her argument that this court cannot have jurisdiction only to declare a lack of jurisdiction. But in any event, this implicit argument is still insufficient to override the plain language of the statute. FDIC's offered defenses arise under federal law, thus they require interpretation of federal law. Therefore, the state-law exception is inapplicable should any defense be colorable.

---

[3]Again, assuming *arguendo* that the defenses are truly jurisdictional.

As such, if FDIC shows that even one of the defenses it offers as likely to raise is colorable, then the court has subject matter jurisdiction over this action. FDIC asserts that it may raise five federal defenses: (1) it is no longer subject to the pending claim for an accounting, nor to remedies of removal and discharge of the trustee; (2) even were it subject to such, the relief is barred under FIRREA; (3) federal law prohibits punitive and exemplary damages against FDIC; (4) FIRREA prohibits awarding attorneys' fees against FDIC; and (5) co-defendant and cross-claimant Gregory R. Winkler failed to timely submit his claim to the mandatory administrative process under FIRREA. Here, as previously mentioned, Holmes concedes the validity of FDIC's offered defenses. However, because jurisdiction cannot be waived, *e.g.*, *United States v. Cotton*, 535 U.S. 625, 630 (2002), the court briefly explains why the defenses are not meritless.

### A. Subjection to Claim for Accounting, Removal, and Discharge

FDIC first claims that it will not be subject to claims for an accounting or for removal and discharge of the trustee, and that the court will accordingly be required to interpret 12 U.S.C. § 1821(d)(2)(A)(i) and (d)(2)(B)(i). Those two sections provide that FDIC will succeed to "all rights, titles, powers, and privileges" of the closed institution, here FBC, and gives FDIC the power to "take over the assets of and operate" FBC. 12 U.S.C. § 1821(d)(2)(A)(i), (d)(2)(B)(i). FDIC's argument appears to be that it transferred the trustee duties to First Michigan Bank. Thus, such a defense could require interpretation of the federal statute permitting FDIC to make the transfer in the first instance. Such a defense is not meritless.

### B. FIRREA's Bar on the Requested Equitable Relief

Next, FDIC argues that should the claims for an accounting or for removal and discharge proceed, it will defend by pointing to § 1821(j), which it argues prevents courts from granting equitable relief. That subsection states that "[e]xcept as provided in this section, no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." 12 U.S.C. § 1821(j). Various courts have held that this provision acts as a broad bar to equitable relief. *See, e.g.*, *Courtney v. Halleran*, 485 F.3d 942, 948 (7th Cir. 2007). As such, because Holmes has requested an accounting and removal of the trustee, both equitable remedies, defense by resort to § 1821(j) raises a colorable issue of federal law.

### C. Prohibition on Punitive and Exemplary Damages

FDIC also raises a possible defense as to claims for punitive and exemplary damages. It points to 12 U.S.C. § 1825(b)(3), which states that FDIC "shall not be liable for any amounts in the nature of penalties or fines." As FDIC notes, federal courts have interpreted this provision as codifying the federal common law rule that punitive damages against instrumentalities of the United States must be expressly authorized by Congress. *E.g.*, *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 33 (5th Cir. 1992); *Lanigan v. Resolution Trust*, No. 91-C-7216, 1994 WL 8160, at *5 (N.D. Ill. Jan. 11, 1994). At this stage, the court has no reason to believe such a defense is meritless, and analysis would obviously involve interpretation of federal law.

### D. Prohibition on Attorneys' Fees

With regard to attorneys' fees, FDIC asserts two possible defenses. First, that the "ratable distribution rule" under FIRREA bars award of attorneys' fees, and second, that an award could be characterized as a penalty and thus prohibited in the same manner as punitive damages. As to FDIC's first contention, it cites to 12 U.S.C. § 1821(i), which it combines with cases holding that the "ratable distribution rule" normally prevents an award of attorneys' fees to a creditor of a failed bank. This claim is not facially meritless. Further, if FDIC argues that attorneys' fees should be characterized as an impermissible penalty, as under 12 U.S.C. § 1825(b)(3), that claim too will require interpretation of federal law and is not immediately apparent as a meritless defense.

### E. Failure to Timely Submit Claim

Finally, FDIC argues that it may raise a defense that cross-claimant Gregory R. Winkler failed to timely submit his claims to the mandatory administrative claims process, thus barring his claim in this action under FIRREA. As is discussed in more detail below, FIRREA established a mandatory administrative claims process that must be exhausted prior to bringing suit in court. *Maher v. Harris Trus and Sav. Bank*, 75 F.3d 1182, 1190 (7th Cir. 1996). Because FDIC may assert that Gregory R. Winkler failed to meet the deadline set by FDIC for submitting his claim, this defense is clearly facially meritorious. In sum, each of the five colorable federal defenses independently place this action outside FIRREA's state-law exception to jurisdiction and the court will, therefore, deny the motions to remand.

## II. MOTION TO STAY

Next, because it is mandated by statute, the court will grant FDIC's motion to stay pending exhaustion of the administrative claims process. FIRREA established an administrative claims process for resolving claims against a failed financial institution. 12 U.S.C. §§ 1821(d)(3)-(13). FIRREA mandates use of that process before a federal court may hear the claim. *Maher v. Fed. Deposit Ins. Corp.*, 441 F.3d 522, 525 (7th Cir. 2006) (citing 12 U.S.C. § 1821(d)(6)(A)); *see also* 12 U.S.C. § 1821(d)(13)(D) (establishing lack of jurisdiction over claims against an institution for which FDIC is appointed receiver, except as otherwise provided). As part of that process, FDIC may set a claims bar date and it has 180 days from a claim's filing to make a determination. 12 U.S.C. §§ 1821(d)(3), (d)(5)(C), (d)(5)(A)(i). According to the exception allowing jurisdiction, a claimant may then "file suit on such claim (or continue an action commenced before the appointment of the receiver)" in district court, within sixty days of either FDIC's initial determination or conclusion of the 180-day period in which FDIC may make a determination. 12 U.S.C. § 1821(d)(6)(A).

As the Seventh Circuit has noted, "[c]ompliance with the FIRREA process is a strict jurisdictional prerequisite to a claim in federal district court against the receiver." *Maher v. Harris Trus and Sav. Bank*, 75 F.3d 1182, 1190 (7th Cir. 1996); *see also id.* ("The administrative claims process provided by FIRREA requires that an individual who wishes to pursue a claim against a failed institution or its assets . . . present that claim to the receiver"); *Simon v. Fed. Deposit Ins. Corp.*, 48 F.3d 53, 56 (1st Cir. 1995) ("Section 1821(d)(13)(D)(i) bars all claims against the assets of a

failed financial institution which have not been presented under the administrative claims review process"). Courts confronted with the issue have held that this requirement applies equally to actions pending at the time FDIC is appointed receiver. *Intercontinental Travel Mktg., Inc. v. Fed. Deposit Ins. Corp.*, 45 F.3d 1278, 1283 (9th Cir 1994); *Marquis v. Fed. Deposit Ins. Corp.*, 965 F.2d 1148, 1151 (1st Cir. 1992); *Resolution Trust Corp. v. Mustang Partners*, 946 F.2d 103, 106 (10th Cir. 1991). The House Report noted, in regard to claims determinations, that:

> Any suit (or motion to renew a suit filed prior to appointment of the receiver) must be brought by the claimant within 60 days after the denial of the claim. Resort to either the District Courts or administrative process is available only after the claimant has first presented its claim to the FDIC.

H.R. Rep. No. 101-54(I), at 418 (1989). However, rather than dismissing such suits, courts have interpreted the law as allowing for entry of a stay pending exhaustion. *Brady Dev. Co. v. Resolution Trust Corp.*, 14 F.3d 998, 1006 (4th Cir. 1994) ("Pending actions are to be stayed until the outcome of the administrative process"); *Marquis*, 965 F.2d at 1154; *Brown Leasing Co. v. Fed. Deposit Ins. Corp.*, 833 F. Supp. 672, 675 (N.D. Ill. 1993); *see also Intercontinental Travel Mktg.*, 45 F.3d at 128 (recognizing same, though distinguishing case at hand). The *Marquis* court reasoned that the structure of FIRREA established a scheme for retaining jurisdiction over pending lawsuits rather than dismissing them. *Marquis*, 965 F.2d at 1154. As that court noted, FIRREA was intended to create an efficient claims process and requiring dismissal would defeat the objective. *Id.*

Though the out-of-circuit cases are not binding, they are persuasive in light of the language of the statute, Seventh Circuit precedent, and the legislative history. The statutory text supports a reading that the claims process applies to those with suits pending at the time FDIC is appointed receiver. The fact that the statute states "or continue an action commenced before" appointment indicates that such action may *not* continue prior to exhaustion of the claims process. The general limitation on jurisdiction supports this reading, as it divests federal courts of jurisdiction (subject to exception) over *any* claim or action, not just those initiated after FDIC's appointment as receiver. Moreover, this conclusion makes the most sense in light of the Seventh Circuit's overarching precedent that the FIRREA administrative claims process is mandatory. Further, the court finds the reasoning in *Marquis* persuasive in that retention of jurisdiction through a stay, rather than dismissal, best serves to effectuate the objectives of FIRREA. Thus, the court finds that, because the plaintiff and cross-claimants have not exhausted the administrative claims process, this court is obliged to enter a stay pending completion.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Remand (Docket #23) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendants Garry R. Winkler's and Gregory R. Winkler's Motion to Remand (Docket #26) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that defendant Federal Deposit Insurance Corporation's Motion to Stay (Docket #8) be and the same is hereby **GRANTED**. This action is hereby **STAYED** until the earlier of: (i) the date on which the FDIC makes a final determination on the last-filed claim of plaintiff and cross-claimants; or (ii) 180 days from the date of filing of the last-filed claim of plaintiff and cross-claimants; the parties shall notify the court in writing when one of the conditions has been satisfied.

The Clerk is directed to administratively close this case for statistical purposes.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge